**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FLORENCE STEWART** | * | **CIVIL DOCKET NO: 23-314-JWD-EWD** |
| | * | |
| **VERSUS** | * | **JUDGE: JOHN W. DEGRAVELLES** |
| | * | |
| **FAMILY DOLLAR, INC. ET AL** | * | **MAG. JUDGE: ERIN WILDER-DOOMES** |

**PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL**
**COMPLAINT FOR DAMAGES**

**COMES NOW,** complainant, Florence Stewart, a major domiciliary of East Feliciana Parish, State of Louisiana, who respectfully avers as follows:

**PARTIES**

1.

Complainant, FLORANCE STEWART, is a major domiciliary of East Feliciana Parish, State of Louisiana.

2.

Made defendant herein is FAMILY DOLLAR, INC., a foreign corporation domiciled in Virginia, who is licensed to do business in Louisiana, and whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

3.

Made defendant herein is FAMILY DOLLAR STORES OF LOUISIANA, LLC, a foreign limited liability company domiciled in Virginia, who is licensed to do business in Louisiana, and whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

4.

Made defendant herein is SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC., a foreign corporation domiciled in Mississippi, who is licensed to do business in Louisiana, and whose registered agent for service of process is CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

5.

0Made defendant herein is FERRELLGAS, L.P. d/b/a BLUE RHINO **(**hereinafter "BLUE RHINO"), a foreign limited partnership domiciled in Delaware and whose principal place of business is in Missouri and who is licensed to do business in Louisiana and may be served through their registered agent for service of process, CT Agent Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816. BLUE RHINO's partners are Ferrellgas Partners, L.P. and Ferrellgas Inc., both of whom are domiciled in the State of Delaware, and both of whom have their principal place of business located in the State of Missouri. Ferrellgas Partners, L.P.'s partners are Ferrellgas Inc., Ferrellgas GP II, LLC and Ferrellgas GP III, LLC. Ferrellgas GP II, LLC is a single owner/member limited liability company whose sole member is Ferrell Companies, Inc. a Delaware corporation with a principal place of business in Kansas. Ferrellgas GP III, LLC is a single owner/member limited liability company whose sole member is Ferrell Companies, Inc. a Delaware corporation with a principal place of business in Kansas.

**JURISDICTION AND VENUE**

6.

This Court's jurisdiction is based on 28 U.S.C. § 1332, as the complainant is domiciled in the State of Louisiana and all defendants and partners of defendants are domiciled outside of the State of Louisiana.

7.

Venue is proper in this Court as complainant's damages occurred within this Court's jurisdictional boundary.

**FACTUAL BACKGROUND**

8.

On March 4, 2022, sometime between 2:00 p.m. and 3:00 p.m., petitioner, Florence Stewart, was a customer at the Family Dollar store ("Family Dollar") no. 02596 located at 3000 Highway 10, Jackson, LA 70748.

9.

Upon information and belief, the Family Dollar store is owned and operated by defendants FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC.

10.

Upon information and belief, FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC entered into a lease agreement with the property owner, SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC.

11.

Upon information and belief, BLUE RHINO installed a security cage at the premises for the storage and sale of propane tanks to Family Dollar store customers and also installed a vehicle crash protection system consisting of yellow bollards secured to the ground by large nuts and bolts.

12.

On said date, Ms. Stewart was walking on the store sidewalk to dispose of garbage. The trash receptacle was located next to the BLUE RHINO'S propane tank cage. After throwing away

3

her trash, Ms. Stewart walked back to her car and tripped and fell due on an over-exposed and over-protruding nut and bolt.

13.

As a result of the above-described incident, complainant, Florence Stewart, sustained severe personal injuries, including but not limited to:

    A.       Physical pain and suffering (past, present, and future), limitations and injuries;

    B.       Mental pain, suffering, and anguish (past, present, and future);

    C.       Medical expenses (past, present, and future);

    D.       Disability;

    E.       Scarring; and

    F.       Loss of enjoyment of life.

**CLAIMS AGAINST FAMILY DOLLAR STORE, INC. AND/OR FAMILY DOLLAR STORES OF LOUISIANA, LLC**

14.

FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC are strictly liable unto Complainant pursuant to La. C.C. art. 2317. These defendants own and/or operate the Family Dollar store and have *garde*, care, custody, and control over the store's inside and outside premises. These defendants determined the location and placement of the outside trash receptacle; maintain the premises; keep the premises clean and reasonably safe from walking and tripping hazards; and maintain the subject bollard which caused complainant's injuries. Complainants allege that the protruding nut and bolt are in an area commonly traversed by customers and constitute an unreasonably dangerous and defective condition under La. Civil Code article 2317, which created an unreasonable risk of harm. These defendants knew or should have known that the over-exposed and over-extruding nut and bolt system created an unreasonably

dangerous condition. These defendants failed to perform an adequate premises risk evaluation study and failed to take adequate steps to remedy and repair the protruding nut and bolt and failed to ensure that the trash receptacle was not located near a walking hazard traversed by customers.

15.

Complainant's injuries were caused by the negligence of FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC pursuant to La. C.C. art. 2316, whose acts include the following:

A. Failure to keep the store's sidewalk or passageway in a reasonably safe condition;

B. Failure to follow appropriate safety guidelines for keeping the walking surface free from unreasonably dangerous walking and tripping hazards;

C. Failure to use reasonable care to keep the premises free of hazardous conditions;

D. Failure to properly inspect the premises and perform an appropriate premises liability and risk evaluation study to identify the walking hazard;

E. Failure to follow Life Safety Code and ANSI regulations for walking surfaces in or around commercial establishments;

F. Placing the trash receptacle in an unsafe area where customers traverse; and

G. Failure to warn of the unreasonably dangerous condition in an area commonly traversed by customers.

16.

Alternatively, FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC are liable unto complainant pursuant to La. R.S. 9:2800.6. These defendants operate the Family Dollar store, which sells various products to customers; therefore, they qualify as "merchants" under La. R.S. 9:2800.6. As merchants, these defendants breached their legal duty

to keep the store's outside premises reasonably safe from tripping and falling hazards, which reasonably might give rise to damage. The protruding nut and bolt securing the bollard, located next to an area commonly traversed by customers, presented an unreasonable risk of harm to complainant and that risk of harm was reasonably foreseeable to owners and operators of retail stores. These defendants placed the outside trash receptacle near the bollards and in a place routinely traversed by customers; therefore, these defendants knew or should have known of the unreasonably dangerous condition and their actions constitute a substantial factor in creating the alleged unreasonable risk of harm that caused complainant's damages. These defendants failed to exercise reasonable care to alleviate and/or warn complainant of the unreasonably dangerous condition.

**CLAIMS AGAINST SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC.**

17.

SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. owned the property where the Family Dollar store is located and leased said property to FAMILY DOLLAR, INC. and FAMILY DOLLAR STORES OF LOUISIANA, LLC.

18.

Upon information and belief, the lease agreement provides that SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. will "maintain, keep and repair all exterior portions of the building."

19.

SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. is strictly liable unto Complainant pursuant to La. Civil Code article 2317. The defendant has *garde*, care, custody, and control of the allegedly defective condition on its premises by virtue of its ownership of said

property and its contractual responsibility to maintain, keep, and repair all exterior portions of the building. Considering the defendant's responsibility to maintain, keep, and repair all exterior portions of the building, the defendant knew or should have known that the over-extended and over-protruding bolt and nut constituted a defective condition, which created an unreasonable risk of harm to customers traversing on its premises. The defendant failed to take adequate steps to identify the unreasonably dangerous condition by performing a premises liability risk evaluation study and failed to reasonably fix the protruding bolt and nut.

20.

Complainant's injuries were caused by the negligence and/or fault of SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. pursuant to La. C.C. art. 2316, whose acts include the following:

A. Failure to keep the store's sidewalk or passageway in a reasonably safe condition;

B. Failure to follow appropriate safety guidelines for keeping the walking surface free from unreasonably dangerous walking and tripping hazards;

C. Failure to use reasonable care to keep the premises free of hazardous conditions;

D. Failure to properly inspect the premises and perform an appropriate premises liability and risk evaluation study to identify the walking hazard;

E. Failure to follow Life Safety Code and ANSI regulations for walking surfaces in or around commercial establishments; and

F. Failure to warn of the unreasonably dangerous condition in an area commonly traversed by customers.

21.

Alternatively, SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC. is liable unto complainant pursuant to La. R.S. 9:3221. The defendant is the owner of premises leased under a contract whereby the duties and responsibilities assumed by the lessee, and with regards to the maintenance and inspection of the alleged unreasonably dangerous condition, are presently disputed. Complainant alleges that the defendant knew or should have known of the alleged defective condition and failed to remedy it within a reasonable period of time, to include from the date of the store's original construction and opening until the date of the plaintiff's injury.

## CLAIMS AGAINST BLUE RHINO

22.

Upon information and belief, BLUE RHINO and FAMILY DOLLAR, INC. entered into a contract for the purchase of BLUE RHINO products. Upon information and belief, this contract provides that BLUE RHINO'S storage and display cages and advertising materials are the property of BLUE RHINO. Upon information and belief, pursuant to said contract, BLUE RHINO or an agent of BLUE RHINO installed the crash protection system, bollards, and nut and bolt system protect its store and display cage. Consequently, complainant alleges that BLUE RHINO knew of the unreasonably dangerous and defective condition because it created said condition, or should have known of the unreasonably dangerous and defective condition as its original installer.

23.

Upon information and belief, BLUE RHINO is strictly liable unto complainant pursuant to La. C.C. art. 2317. BLUE RHINO through customary practice or contract had *garde*, care, custody, and control over the bollards and the unreasonably dangerous nut and bolt securing system. BLUE RHINO knew or should have known that the over-exposed and over-protruding nut

and bolt was installed incorrectly and thus created and constituted an unreasonably dangerous and defective condition and risk of harm to customers walking by its bollards.

24.

Complainant's injuries were caused by the negligence and/or fault of defendant BLUE RHINO pursuant to La. C.C. art. 2316, whose acts include the following:

A. Failure to install the bollard and retaining nuts and bolts according to manufacturer's specifications;

B. Failure to cut the retaining bolt to an appropriate length above the nut, such that it does not create a trip hazard;

C. Failure to inspect the bollard and bolt installation post-construction for unreasonably dangerous conditions;

D. Failure to ensure that the bollard's location complies with Life Safety Code and ANSI regulations and guidelines for walkways near commercial establishments;

E. Failure to follow Life Safety Code and ANSI regulations for walking surfaces in or around commercial establishments; and

F. Failure to warn of the unreasonably dangerous condition in an area commonly traversed by customers.

**WHEREFORE,** Complainant, Florence Stewart, prays that a certified copy of this First Amended and Supplemental Complaint and citations to appear and answer same in the form and manner prescribed by law, be duly served upon the defendants FAMILY DOLLAR, INC., FAMILY DOLLAR STORES OF LOUISIANA, LLC, SOUTHERN DEVELOPMENT OF MISSISSIPPI, INC., and FERRELLGAS, L.P. D/B/A BLUE RHINO, in accordance with law, and after all legal delays and due proceedings had, there be judgment herein in favor of

Complainant and against Defendants for all reasonable damages, together with legal interest thereon, at the legal rate, from the date of judicial demand, until paid, and for all costs of these proceedings.

**COMPLAINANT FURTHER PRAYS** for this Honorable Court to fix the fee for each and every expert witness they may be required to call or use to establish the cause, nature or extent of their losses or damages and to tax same as cost herein.

**COMPLAINANT FURTHER PRAYS** for all orders and decrees necessary and proper in the premises which law, equity or the nature of the case may permit.

Respectfully Submitted:
**Melancon, Rimes, & Daquanno**

_/s/ R. Lee Daquanno, Jr._
**Jason L. Melancon, La. Bar No. 28152**
**Robert C. Rimes, La. Bar No. 28740**
**R. Lee Daquanno, Jr, La. Bar No. 36430**
6700 Jefferson Hwy., Bldg. 6 (70806)
P. O. Box 82859
Baton Rouge, LA 70884
Telephone: (225) 303-0455
Fax: (225) 303-0459
Email: Lee@melanconrimes.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system and has been served via electronic filing notification and/or emailed to all counsel of record.

Baton Rouge, Louisiana this 9th day of January, 2024.

_/s/ R. Lee Daquanno, Jr._
R. Lee Daquanno, Jr.